10 CV - 48

Judge Hellerstein

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------x

ESTER KELEN,                            )
individually and on behalf of           )
all others similarly situated,          )
                                        )
                     Plaintiff,         )
                                        )
        - against -                     )          CLASS ACTION
                                        )
WORLD FINANCIAL NETWORK                 )          JURY DEMANDED
NATIONAL BANK,                          )
                                        )
                     Defendant.         )
---------------------------------------------x

RECEIVED
JAN - 5 2010
U.S.D.C. S.D. N.Y.
CASHIERS
No.

## COMPLAINT

1.       This action seeks redress for the illegal practices of World Financial

Network National Bank ("WFNNB" or "Issuer"), including providing incomplete or

improper disclosures to its "dressbarn" store card customers in violation of the

Truth in Lending Act ("TILA").

2.       TILA's purpose is to assure meaningful disclosure of credit terms in

order to (i) allow consumers to compare more readily the various credit terms

available; (ii) enable consumers to avoid the uninformed use of credit; and (iii)

protect consumers against inaccurate and unfair billing practices.  15 U.S.C. §

1601(a).  As alleged in greater detail below, the Issuer failed to make proper and

1

timely disclosures on documents it provided to customers.  The Issuer's conduct violates the express provisions of the TILA and the applicable Regulations.

3.      Under the private enforcement provisions of TILA, plaintiff and the Class seek the recovery of statutory damages of up to $500,000 with respect to each of the Issuer's failures to comply.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337, as well as under 15 U.S.C. § 1640(e), because this action arises under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*

5.      Venue is proper because the acts and transactions that give rise to this action occurred, in substantial part, in this District.  Venue is also proper in this district because the Issuer transacts business in this district and the interests of justice require maintenance of this action in this district.

## PARTIES

6.      Plaintiff Ester Kelen resides in New York, New York, which is within this district.

7.      Kelen is a "consumer," as that term is defined by § 1602(h) of TILA, because this complaint arises from the Issuer's offer and extension of credit to Kelen, a credit card holder, for personal, family or household purposes.

8.     Upon information and belief, the Issuer is a corporation doing business in the State of New York and throughout the United States, with a principal place of business in Ohio.

9.     The Issuer is a "creditor," as that term is defined by § 1602(f) of TILA and Federal Reserve Board Regulation Z ("Regulation Z"), 12 C.F.R. § 226.2(a)(17), because at all relevant times, the Issuer, in the ordinary course of its business, regularly – *i.e.*, more than 25 times a year – extended or offered to extend consumer credit for which a finance charge is or may be imposed, which is payable in more than 4 installments.

## FACTUAL ALLEGATIONS

10.     Kelen is the holder of a credit account issued by the Issuer for use in the apparel chain known as "dressbarn."

11.     Kelen applied for and was granted a dressbarn credit account at a store location on January 6, 2009, and used the account to make a purchase that very day.

12.     All class members herein, as defined below, hold or held a dressbarn account originally or presently issued by the Issuer.

## CLASS ALLEGATIONS

13.     Kelen brings this action individually and on behalf of all persons similarly situated.

14.     The proposed class consists of all persons who, according to the Issuer's records, applied for and opened a dressbarn credit account and were not furnished

initial disclosures conforming to TILA requirements before making a purchase on the account.

15.     Specifically excluded from this class are the Issuer, any entity in which the Issuer has a controlling interest, and the officers, directors, affiliates, legal representatives, heirs, successors, subsidiaries or assigns of any such individual or entity.

16.     The members of the class for whose benefit this action is brought is so numerous that joinder of all Class members is not practicable.  In light of the thousands of credit cards issued by the Issuer every year, the number of class members is believed to be in excess of 5,000 persons.

17.     Kelen's claims are typical of, if not identical to, all members of the class and Kelen does not have any interest that is adverse or antagonistic to the interests of the class.  If the conduct of the Issuer violates TILA as applied to Kelen, then it violates TILA with respect to the entire class.

18.     Kelen will fairly and adequately protect the interests of the class as she is committed to the vigorous prosecution of this action and, to that end, has retained competent counsel experienced in complex litigation of this nature.

19.     The class is proper for certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure.  The Defendant's actions complained of herein are generally applicable to all Class members, thereby making final injunctive relief appropriate with respect to the class as a whole.

20.     The class is also proper for certification under Federal Rule of Civil Procedure 23(b)(3).  A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein.  Because damages suffered by individual class members may be relatively small, the expense and burden of individual litigation make it impracticable for the class to seek redress individually for the wrongs they have suffered.  Members of the class do not have a particular interest in individually controlling the prosecution of separate actions.

21.     There are questions of law and fact which are common to the members of the class and which predominate over questions affecting only individual members.  Common questions of law and fact include, but are not limited to, whether the Issuer has a standardized procedure by which it fails to clearly and conspicuously disclose their customers' account terms as required by TILA and Regulation Z.

22.     Upon information and belief, the Class consists of thousands of customers.

23.     Thus, a class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

    a)  Common questions of law and/or fact predominate over any individual questions which may arise and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a class-wide instead of a repetitive individual basis; and

    b)  The aggregate volume of the individual class members' claims, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a

cost-effective basis, especially when compared with repetitive individual litigation.

24.     Class certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impede their ability to protect their interests. Moreover, since the actual monetary damages suffered by, or statutory damages available to, individual Class members may be relatively small, although significant in the aggregate, the expenses and burdens of individual litigation make it impossible or effectively impossible for the members of the Class to seek individual redress for the TILA violations committed by Defendants.

25.     Plaintiff anticipates that there will be no difficulty in the management of this litigation.  The records of the individuals encompassed within the Class are in Defendant's possession.

## COUNT I

### Violations of the Truth in Lending Act

26.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

27.     Congress authorized the Federal Reserve Board ("FRB" or "Board") to promulgate regulations granting it broad authority to effectuate the purposes of TILA. 15 U.S.C. § 1604(a).

28.     The set of regulations that the FRB has promulgated to implement TILA is known as Regulation Z.  12 C.F.R. §226.1 *et seq.*

29.     TILA generally requires creditors, "[b]efore opening any account under an open end consumer credit plan" to provide "the person to whom credit is to be extended" an array of disclosures known as the initial disclosure statement, including, *inter alia*, the method of determining the amount of any finance charge, the periodic rates that may be used to compute the finance charge, the corresponding nominal annual percentage rate, and an "[i]dentification of other charges which may be imposed as part of the plan." 15 U.S.C. § 1637(a).

30.     Similarly, the FRB lists the array of disclosures require to be in the initial disclosure statement at 12 C.F.R. § 226 and mandates creditors to "furnish the initial disclosure statement required by section 226.6 before the first transaction is made under the plan." 12 C.F.R. § 226.5(b)(1).

31.     Issuer, however, provided Plaintiff with no document that satisfied the initial disclosure requirements of Regulation Z and TILA before she made her first transaction.

32.     TILA provides for a creditor's civil liability for the violation of specific provisions of the statute, including "failing to comply with the requirements of . . . section 1637(a) of this title."  15 U.S.C. § 1640(a).

33.     In accordance with TILA's civil liability provision, Plaintiff and the Class are entitled to recover up to $500,000 in statutory damages, together with costs and reasonable attorney fees, for each of the Issuer's violations of TILA, as alleged above.

**WHEREFORE**, Plaintiff Ester Kelen prays on her behalf and on behalf of the Class that judgment be entered against Defendant as follows:

(1)     An order certifying the proposed Class under Federal Rule of Civil Procedure 23(b)(2) and, additionally or in the alternative, an order certifying the Class under Federal Rule of Civil Procedure 23(b)(3);

(2)     A declaration that the Issuer's systematic and standard policy of failing to fully disclose to its customers their billing rights violates the Truth in Lending Act;

(3)     An injunction permanently prohibiting the Issuer from engaging in the conduct described;

(4)     Maximum statutory damages as provided under 15 U.S.C. § 1640(a)(2);

(5)     Attorney fees, litigation expenses, and costs; and

(6)     Such other and further relief as to this Court may seem just and proper.

## Jury Demand

Plaintiff respectfully requests a trial by jury.

Dated: New York, New York
       January 5, 2010

                                        Respectfully Submitted,


                              By:       _____

                                        Brian L. Bromberg
                                        One of Plaintiff's Attorneys


Attorneys for Plaintiff

Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
(212) 248-7906

Harley J. Schnall
Law Office of Harley J. Schnall
711 West End Ave
New York, NY 10025
(212) 678-6546